**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TIMOTHY COLEMAN | : | |
| #15343-014 | | |
|      Petitioner | : | |
| | | |
|     v. | : | CIVIL ACTION NO. AW-07-1536 |
| | | |
| LISA J.W. HOLLINGSWORTH | : | |
| | | |
|     and | : | |
| | | |
| OFFICE OF THE STATE'S ATTORNEY | : | |
| | | |
|     Respondent | | |

**<u>MEMORANDUM</u>**

Pending is a pro se Petition for Writ of Mandamus filed by Timothy Coleman, an inmate at the Federal Correctional Institution in Cumberland, Maryland, asking the court to "compel" respondents "harassment" against him.   The Court will grant Petitioner's Motion for Leave to Proceed in Forma Pauperis and dismiss the Petition without prejudice.

**I.  Background**

Coleman alleges that BOP officials are urging the Office of the States Attorney for Connecticut to lodge a "frivolous detainer" against him that will make him ineligible for future halfway house placement or good time credit for participating in substance abuse programs.   In support, Coleman has submitted a copy of a June 14, 2005, notice sent to the State of Connecticut Division of Criminal Justice by BOP personnel requesting information about the disposition of state criminal actions in which Coleman was a defendant and whether a detainer will be lodged.   The notice does not support Coleman's bald claim of harassment by BOP officials, but rather indicates routine information gathering by the BOP where a federal prisoner may have outstanding state charges or unserved state sentences.

## II.  Standard of Review

This court is required by 28 U.S.C. §1915(e)(2)(A)(ii) &(iii) to screen complaints in which the plaintiff is proceeding in forma pauperis.  The statute requires dismissal of  a complaint  which fails to state a claim on which relief may be granted or is filed against a defendant who is immune from such relief. *See id.*  In deciding whether a complaint is frivolous "[t]he  district court need not look beyond the complaint's allegations . . . .   It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

## III.  Analysis

As a preliminary matter, the Court notes that federal district courts have no mandamus jurisdiction over state employees such as the State's Attorney for Connecticut. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).   For this reason, the claims against the the State's Attorney must be dismissed.

In regard to his claims against Warden Hollingsworth, Coleman may invoke a federal court's extraordinary power to issue a writ of mandamus only by proving: 1) he has shown a clear right to the relief sought; 2) respondent has a clear duty to do the particular act requested; and 3) no other adequate remedy is available. *See Kerr v. United States District Court,* 426 U.S. 394, 402 (1976)*; In re Beard,* 811 F. 2d 818, 826 (4th Cir. 1987).  On the limited facts presented here, this pleading falls far short of  meeting the standards for award of mandamus relief.  A separate Order consistent with this Memorandum follows.


Date: June 20, 2007                         _____/s/_____
                                                      Alexander Williams, Jr.
                                                      United States District Judge